In the Matter of MICHAEL MARTIN DOLPHIN, an Attorney,
Respondent.

First Department, March 7, 1924.

**Attorney and client — disciplinary proceedings — proceeding based on
unlawful arrest dismissed on ground that respondent was not acting
in professional capacity.**

Disciplinary proceedings instituted by the Association of the Bar of the City of
New York against the respondent, an attorney at law, based on his act in
instructing a police officer to arrest a woman who had appeared as a witness
in an investigation being conducted at police headquarters, which arrest was
unlawfully made, are dismissed on the ground that the respondent was not
acting in a professional capacity when he directed the unlawful arrest and is
not amenable to discipline as for unprofessional conduct.

DISCIPLINARY proceedings instituted by the Association of the
Bar of the city of New York.

*Einar Chrystie* [*Henry W. Taft* of counsel], for the petitioner.

*Alexander I. Rorke*, for the respondent.

CLARKE, P. J.:

The respondent was admitted at the May, 1902, term of the
Appellate Division, First Department.

The specification of the unprofessional conduct of which the
respondent is charged is as follows: " That the respondent has been
guilty of unprofessional conduct in that on December 2, 1921, at
Police Headquarters of the City of New York while acting as an
Assistant Corporation Counsel of the City of New York advising
and assisting Chief Inspector Lahey of the Police Department in
conducting an investigation to determine the responsibility for
closing the meeting of the American Birth Control League by the
Police at the Town Hall on November 13, 1921, he caused the arrest
of Mrs. Juliet Barrett Rublee without any cause whatever after
she had appeared as a witness and testified in regard to the matter
then under investigation."

The respondent was appointed an assistant to the corporation
counsel in 1920 and was subsequently assigned to the police depart-
ment. By the commissioner of that department he was appointed
a member of several committees charged with various executive
and departmental functions.

On December 2, 1921, an investigation was being conducted at
police headquarters by the chief inspector in relation to a com-
plaint that the police had unjustifiably prevented a public meeting
under the auspices of the American Birth Control League being

held at the town hall on November 13, 1921. During the hearing the respondent entered the room and took a seat alongside the chief inspector and remained during the examination of several witnesses. One of the witnesses was Mrs. Juliet Barrett Rublee. She testified among other things that she was associated with Mrs. Sanger in the work of the American Birth Control League; that she was present when the police prevented the meeting at the town hall; and she described the occurrences there. At the close of the hearing the chief inspector left the room, the respondent remained and said to a police officer: "Arrest that woman for violation of section 1142,"* indicating Mrs. Rublee. Thereupon she was arrested by the officer, and after being held for two hours, was taken and arraigned before a magistrate, and, no complainant appearing, she was discharged.

The respondent admits that in ordering the arrest he committed an error, but he says that his advice to the police officer was given in a moment of over-zealousness in behalf of an effort which for a long time had been made by the police department to suppress and stamp out a great evil which had gained a foothold in the community. The respondent had no authority, either as assistant corporation counsel or as a citizen, to order the arrest of Mrs. Rublee under the circumstances disclosed by this record. Nor was his advice or order to the police officer binding upon that officer; but we are of the opinion that he was not acting in a professional capacity at the time, and that he is not amenable to discipline as for unprofessional conduct.

The proceedings should be dismissed.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Proceedings dismissed. Settle order on notice.